UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENSON, Sr.,

    Petitioner,                    Case No. 2:15-cv-13454

v.

                                     HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION
FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A
<u>CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

James Stevenson, Sr. is a prisoner at the Brooks Correctional Facility in Muskegon Heights, Michigan. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Stevenson challenges his conviction and sentence for one count of first-degree criminal sexual conduct, M.C.L.A. 750.520b. For the reasons stated below, the Court will summarily deny his petition.

**BACKGROUND**

In 2008, Stevenson plead *nolo contendere* to one count of first-degree criminal sexual conduct in the Wayne County Circuit Court. In exchange for his plea, the prosecutor agreed to dismiss several other first-degree criminal sexual conduct charges and agreed that Stevenson would receive a sentence of 15-30 years. The court subsequently sentenced Stevenson to 15 to 30 years in prison and ordered that he be placed on lifetime electronic monitoring upon his release from prison.

Stevenson did not file a direct appeal from his conviction. Stevenson did file a post-

1

conviction motion for relief from judgment, which the court denied. *People v. Stevenson,* No. 08-014452-FC (Third Judicial Circuit Court, March 12, 2014). The Michigan appellate court denied Stevenson leave to appeal. *People v. Stevenson,* No. 323286 (Mich.Ct.App. October 2, 2014); *lv. Den.* 498 Mich. 852 (2015).

Stevenson now seeks a writ of habeas corpus on the following grounds:

I. Stevenson's plea was not entered voluntarily, understanding(ly), intelligently, and with sufficient awareness of relevant circumstances where defense trial counsel was constitutionally ineffective [in failing] to inform him that the plea included imposition of the lifetime electronic monitoring requirement.

II. Stevenson's Sixth and Fourteenth Amendment rights under the United States Constitution were violated when he was sentenced contrary to having a jury determine, beyond a reasonable doubt, all facts considered for sentencing.

## STANDARD OF REVIEW

The Court may grant a writ of habeas corpus when a state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

The standard is difficult to satisfy. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Under 28 U.S.C. Section 2254(d), a federal court may grant habeas relief only "in cases

2

where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the [Supreme Court's] precedents." *Id.* The habeas statute is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102–03.

The Court preliminarily reviews habeas petitions to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## DISCUSSION

I.  Ineffective Assistance of Counsel

Stevenson first claims that his lawyer was ineffective because he did not inform Stevenson that he would be subjected to lifetime electronic monitoring upon his relase from prison, as required by M.C.L.A. 750.520n. Because his lawyer did not inform him of the monitoring requirement, he also claims that he did not knowingly and voluntarily enter into his plea agreement.

A defendant's claim that his attorney was constitutionally defective has two components. First, the defendant must demonstrate that his lawyer's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that his attorney's deficient performance prejudiced his defense. *Id*. Put differently, the defendant must show that "there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In the context of a guilty or *nolo contendere* plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or *nolo contendere,* but would have insisted on going to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011) (citing *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985)).

Stevenson is not entitled to relief on his claim for two reasons. First, when Stevenson plead in 2008, Michigan considered lifetime monitoring requirements to be a collateral, as opposed to a direct, consequence of a *nolo contendere* plea. At that time, the Supreme Court had "left open whether advice concerning a collateral consequent [of a guilty or *nolo contendere* plea] must satisfy Sixth Amendment requirements." *Chaidez v. United States*, 133 S. Ct. 1103, 1108 (2013). It was not until *Padilla v. Kentucky*, 559 U.S. 356 (2010), that the Supreme Court held that the Sixth Amendment requires an attorney to advise the client of the collateral consequences of a plea. But the Court subsequently ruled in *Chaidez* that the holding in *Padilla* was a new rule of law that could not be applied retroactively to cases on collateral review. *Chaidez,* 133 S. Ct. at 1110–11; *Teague v. Lane*, 489 U.S. 288, 310–11 (1989) (holding that a state prisoner collaterally attacking his conviction generally may not rely on a new constitutional rule announced after his conviction became final). "A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).

4

In the present case, the state court sentenced Stevenson on January 7, 2009. Under M.C.R. 7.205(F)(3), Stevenson had twelve months from entry of judgment to seek appellate review with the Michigan Court of Appeals. Because Stevenson never filed a direct appeal with the Michigan Court of Appeals, his conviction became final on January 7, 2010, when the one year period for seeking leave to appeal with the Michigan Court of Appeals expired. *See e.g. Wheeler v. Jones,* 226 F.3d 656, 660 (6th Cir. 2000). The Supreme Court did not decide *Padilla* until almost three months later, on March 31, 2010. Because *Padilla* does not apply retroactively, Stevenson is not entitled to relief on his claim that trial counsel was deficient for failing to advise him that by pleading guilty he would be subject to the lifetime electronic monitoring requirement.

Second, Stevenson failed to show a reasonable probability that, had his attorney told him about the electronic monitoring, he would have insisted on going to trial. The state originally charged Stevenson with several counts of first-degree criminal sexual conduct, each of which carried a possible life sentence. Counsel was able to negotiate a plea that called for dismissal of all but one count of first-degree criminal sexual conduct. The plea also contained a sentence agreement of fifteen to thirty years, which is less than the life sentence he would otherwise have served. Stevenson does not identify any affirmative defense that he had to the first-degree criminal sexual conduct charges. Nor has he alleged that he would only have been convicted of a lesser offense had he gone to trial. Stevenson is not entitled to relief on his claim because he has failed to show that he would have rejected the plea and proceeded to trial if he had known that he would be subject to lifetime electronic monitoring. *See Noonan v. Hoffner,* No. 1:14-cv-830, 2014 WL 5542745, at *9 (W.D. Mich. Oct. 31, 2014).

II.   Sentencing

At the sentencing, the trial judge found several sentencing factors — psychological injury to a victim, exploitation of vulnerable victim, and continuing pattern of criminal behavior — by a preponderance of the evidence. Based on the court's scoring of the sentencing factors, the court increased Stevenson's minimum sentence range.[1] Stevenson contends that when the judge engaged in fact-finding that increased the minimum sentence, the judge violated his Sixth Amendment right to a trial by jury.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In *Harris v. United States*, 536 U.S. 545 (2002), the Court held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt by the fact-finder. But in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), the Court overturned *Harris*, ruling that any fact that increases the minimum sentence for a crime is an element of the offense that must be submitted to the jury and proven beyond a reasonable doubt.

At the time of Stevenson's conviction and sentence in 2008, existing precedent did not require a jury to find all facts beyond a reasonable doubt that increased the mandatory minimum. *Harris*, 536 U.S. at 567. The question is whether the Supreme Court's ruling in

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003) (citing M.C.L.A. 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004) (citing M.C.L.A. 769.8).

*Alleyne*, overruling *Harris*, applies retroactively, i.e., applies to criminal convictions that became final before the Supreme Court decided *Alleyne*.

A new rule of law applies retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if it involves a watershed development in criminal procedure. *Teague*, 489 U.S. at 306, 312. The Sixth Circuit has held in an unpublished opinion that *Alleyne* does not apply retroactively. *Rogers v. United States*, 561 F. App'x 440, 443–44 (6th Cir. 2014).[2] Moreover, every other appellate court to address the issue has found that *Alleyne* applies only to criminal convictions that became final after the date *Alleyne* was decided. *See Crayton v. United States,* 799 F.3d 623 (7th Cir. 2015); *United States v. Olvera*, 775 F.3d 726 (5th Cir. 2015); *Butterworth v. United States*, 775 F.3d 459 (1st Cir. 2015); *United States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014); *Jeanty v. Warden, FCI–Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014). The Court has reviewed the caselaw and agrees with every appellate court to review the issue that *Alleyne* does not apply retroactively. Stevenson's claim must therefore fail.

## CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

---

[2]In *In Re Mazzio*, 756 F.3d 487 (6th Cir. 2014), the prisoner argued that he should be allowed to bring a second or successive habeas corpus petition, based on the rule articulated by *Alleyne*. Under 28 U.S.C. § 2255(h)(2), a prisoner may file a second habeas petition if based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Sixth Circuit held that the petitioner could not file a second petition "[b]ecause *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court." *Id.* at 488. The Court also opined in dicta that *Alleyne* satisfied neither of the two *Teague* exceptions. *Id.* at 491.

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability. The Court will also deny leave to appeal *in forma pauperis.*

## ORDER

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (document no. 1) is **SUMMARILY DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: October 16, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2015, by electronic and/or ordinary mail.

                    s/Carol Cohron
                    Case Manager